UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICIA HAMAKER AYALA, | * | |
| INDIVIDUALLY AND AS SUCCESSION | * | CIVIL ACTION NO. |
| REPRESENTATIVE/ADMINISTRIX | * | |
| OF THE ESTATE OF LOUIS R. AYALA, III | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | |
| GABRIEL BUILDING SUPPLY, | * | MAGISTRATE: |
| ENERCO CORP., ENERCO GROUP, INC. | * | |
| AND ITS SUBSIDIARY, MR. HEATER CORP. | * | |
| AND ABC AND XYZ INSURANCE | * | JUDGE: |
| COMPANIES | * | |

*********************************************************************************************

## NOTICE OF REMOVAL

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF LOUISIANA**

Defendants, Enerco Group, Incorporated (incorrectly identified as Enerco Corp. and

Enerco Group, Inc.); and Mr. Heater, Inc., with full reservation of any and all defenses,

objections, and exceptions, provide Notice of Removal of this civil action to the United

States District Court for the Eastern District of Louisiana, and respectfully represent that:

1.

On January 31, 2012, plaintiff, Patricia Hamaker Ayala, individually and as

succession representative/administrix of the Estate of Louis R. Ayala, III, commenced an

action against Enerco Corporation; Enerco Group, Incorporated; Mr. Heater, Inc.; and

Gabriel Building Supply in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, entitled *Patricia Hamaker Ayala, individually and as succession representative/administrix of the Estate of Louis R. Ayala, III v. Gabriel Building Supply, Enerco Corp., Enerco Group, Inc. and its subsidiary, Mr. Heater Corp. and ABC and XYZ Insurance Companies*, No. 2012-344 on the docket of said court.

2.

Service of process was effected on Enerco Group, Incorporated and Mr. Heater, Inc. on February 10, 2012 pursuant to the Louisiana Long Arm Statute, La. Rev. Stat. §13:3201, et seq.   Service of process was effected on Gabriel Building Supply on February 2, 2012.   Pursuant to 28 U.S.C. §1446(a), the entire state court record is attached as Exhibit "A" to this Notice of Removal.

3.

. As will be shown more fully below, this court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), as the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, and there is complete diversity of citizenship between the plaintiff and the only non-fraudulently joined defendants, Enerco Group, Incorporated and Mr. Heater, Inc. Thus, this action may be removed to this court pursuant to the provisions of 28 U.S.C. § 1441.

**A. Diversity of Citizenship Exists**

4.

Plaintiff, Patricia Hamaker Ayala, individually and as succession representative/administrix of the Estate of Louis R. Ayala, III, is and was at the time the

state court action was commenced a citizen of the State of Louisiana.[1]

5.

Defendant, Enerco Group, Incorporated is and was, at the time the state court action was commenced, a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Ohio. Enerco Group, Incorporated was not, at the time this action was filed, and still is not a citizen of Louisiana.

6.

Defendant, Mr. Heater, Inc. is and was, at the time the state court action was commenced, a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Ohio. Mr. Heater, Inc. was not, at the time this action was filed, and still is not a citizen of Louisiana.

7.

Removing defendants aver that plaintiff has improperly and fraudulently joined as a defendant, Gabriel Building Supply, which is and was at the time this action was commenced a citizen of the State of Louisiana, for the sole and only purpose of attempting to defeat or prevent removal of this cause to the United States District Court for the Eastern District of Louisiana. As will more fully appear upon an inspection of the pleadings, plaintiff has wholly failed to show any claim for relief or right of recover against Gabriel Building Supply.

---

[1] See Exhibit "A", Petition. ¶ 2

3

**B. Gabriel Building Supply is Improperly Joined**

8.

The doctrine of improper joinder prevents plaintiff from defeating federal diversity jurisdiction simply by naming a non-diverse defendant.  In determining whether a non-diverse defendant has been improperly joined, the inquiry is whether "there is...[a] reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 (5th cir. 2000). "A 'mere theoretical possibility of recover under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n. 9 (quoting *Badon*, 236F. 3d at 286 n. 4).  In the instant matter, there is no reasonable basis to predict that plaintiff might be able to recover against Gabriel Building Supply.  Accordingly, Gabriel Building Supply is improperly joined and this court has diversity jurisdiction.

9.

This lawsuit arises out of the alleged malfunction of the Mr. Heater MH12T when it "suddenly and unexpectedly malfunctioned and sent LP gas and/or fire suddenly exploding from the confinement and encapsulation areas that were supposed to be designed and manufactured into the unit, with the consequence that the sudden eruption of gas and flames shot out as Ayala was passing and caught the back of his clothing on fire causing Ayala to receive extensive 3rd and 4th degree burns on his entire back, hips, shoulders, arms and the back of his head."[2]

---

[2] See Exhibit "A", Petition.¶ 5

4

10.

The only claim specifically asserted in the petition for damages against Gabriel Building Supply is that they were "the retailer of the Mr. Heater model MH12T."[3]

11.

The petition for damages fails to set forth any facts that would support a cause of action in either "negligence" or product liability against Gabriel Building Supply.   In Louisiana, a non-manufacturer seller can only be held liable for damages in tort if it knew or should have known that the product was defective and failed to notify the purchaser of the defect. *Parks v. Baby Fair Imports, Inc.*, 726 So.2d. 62, 64 (La.App. 5th Cir. 1998); *Ferruzzi, U.S.A., Inc. v. R.J. Tricon Co.*, 645 So.2d 685, 688 (La.App. 4th Cir. 1994); *Kelly v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993).

12.

The petition for damages contain only blanket, conclusory allegations that the defendant's "were negligent under the applicable Louisiana Statutes" with no supporting facts.[4]   However, Gabriel Building Supply was in no way involved in and did not exercise any influence or control over the design of the MH12T, construction of the MH12T, or the preparation of the instructions or warnings for the MH12T.[5]   Moreover, Gabriel Building supply did not know nor did it have reason to believe that any product it sold had an

---

[3] See Exhibit "A", Petition. ¶ 3

[4] See Exhibit "A", Petition. ¶ 6.

[5] See Exhibit "B", Affidavit of Bob Gabriel, March 1, 2012.

alleged defect.[6]  For this reason, Gabriel Building Supply is improperly joined, and its citizenship should therefore be disregarded for purposes of this court's diversity jurisdiction.

13.

The right to remove a diversity action cannot be defeated by the improper and fraudulent joinder of a resident defendant against whom no claim could be stated under state law. *Chesapeake and Ohio Ry. v. Cockrell,* 232 U.S. 146, 152, 34 S.Ct. 278, 280, 58 L.Ed. 544 (1914); *Burden v. General Dynamics Corp.*, 60 F.2d 213, 216 (5th Cir. 1995). Accordingly, the citizenship of defendant, Gabriel Building Supply, must be ignored for the purposes of diversity jurisdiction. *Burden*, 60 F.2d at 218.

14.

Gabriel Building Supply consents to removal.[7]

15.

ABC and XYZ Insurance Companies are fictitious defendants and their alleged citizenship may be disregarded for the purposes of jurisdiction. 28 U.S.C. § 1441(a).

16.

Therefore, complete diversity exists between plaintiff and the only non-improperly joined defendants, Enerco Group, Incorporated and Mr. Heater, Inc.

**C. Amount in Controversy Requirement Satisfied**

17.

The monetary jurisdiction prerequisite to federal jurisdiction under 28 U.S.C. § 1332(a) is satisfied.  The petition for damages includes a survival action and a wrongful

---

[6] Id.

[7] See Exhibit "C", Consent to Removal.

6

death action.[8] The petition for damages alleges that Louis Ayala sustained significant personal injuries, including 3rd and 4th degree burns to his body which required significant periods of hospitalization and which ultimately led to his death.[9] It also alleges wrongful death damages on behalf of Patricia Hamaker Ayala.[10] It is therefore facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

18.

Therefore, based on the allegations of the petition for damages, the amount-in-controversy requirement of 28 U.S.C. §1332(a) is met.

19.

This Notice of Removal is being filed within thirty days of service on Gabriel Building Supply and is thus timely filed under 28 § U.S.C. § 1446(b).

20.

Defendants will promptly serve written notice of the filing of this Notice of Removal with the Clerk of Court for the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

WHEREFORE, Defendants, Enerco Group, Incorporated and Mr. Heater, Inc., pray that the above-numbered and entitled cause on the docket of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, be removed from that court to the docket of the United States District Court for the Eastern District of Louisiana.

---

[8] See Exhibit "A", Petition ¶ 8 and 9.

[9] Id.

[10] Id. at ¶ 9.

7

Respectfully submitted,

**SPYRIDON, PALERMO & DORNAN, LLC**

S/Paul D. Palermo_____
PAUL D. PALERMO (#19725)
CRAIG V. SWEENEY (#23954)
Three Lakeway Center, Suite 3010
3838 N. Causeway Blvd.
Metairie, Louisiana 70002
Telephone: (504) 830-7800
Facsimile: (504) 830-7810
Attorneys for Enerco Group, Incorporated and
Mr. Heater, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March, 2012 a copy of the above and foregoing has been forwarded to all known counsel of record via U.S. Mail, facsimile and/or electronic mail message.

s/Paul D. Palermo_____
PAUL D. PALERMO

H:\S0781025\Pleadings\Notice of Removal.wpd

8