UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA AYALA                                                  CIVIL ACTION

VERSUS                                                          NO. 12-577

GABRIEL BUILDING SUPPLY ET AL.                                  SECTION "H"(5)

ORDER & REASONS

**IT IS ORDERED** that Plaintiff's Motion to Remand and for Attorneys Fees and Costs (Doc. 6) is **DENIED.** The Court finds no reasonable basis to predict that a state court would allow Plaintiff to recover against Gabriel. Plaintiff's claims against Gabriel Building Supply are dismissed without prejudice.

BACKGROUND

Plaintiff filed the petition in this matter in state court on January 31, 2012. On March 2, 2012, Defendants Enerco Group, Inc. and Mr. Heater, Inc. filed a Notice of Removal to this Court. (Doc. 1.) Plaintiff filed the current Motion to Remand (Doc. 6) on March 28, 2012. Defendant

1

Gabriel Building Supply opposed the Motion on April 16, 2012 (Doc. 9), and Defendants Enerco Group, Inc. and Mr. Heater, Inc. opposed the Motion on April 27, 2012 (Doc. 12). Plaintiff filed her Reply on April 23, 2012 (Doc. 19), and Enerco Group and Mr. Heater filed their Sur-Reply on April 24, 2012 (Doc. 22). The Court heard oral argument on the Motion on May 2, 2012, and took the Motion under submission at that time. For the reasons stated below, the Motion is denied.

## LAW & ANALYSIS

Plaintiff asks the Court to remand her case to state court, arguing that Defendant Gabriel Building Supply ("Gabriel") is a citizen of Louisiana and therefore not diverse from Plaintiff. As jurisdiction is based only on diversity and not a federal question, Plaintiff argues that the presence of Gabriel as a defendant destroys diversity and makes removal improper. In response, Defendants argue that removal was proper because Plaintiff improperly joined Gabriel as a Defendant.

If a court finds a reasonable basis to predict that state law would allow recovery on a plaintiff's claims against a defendant, the court is precluded from finding that joinder of that defendant was improper. *Travis v. Irby,* 326 F.3d 644, 648 (5th Cir. 2003) (internal citations omitted). To prove that a non-diverse defendant was joined improperly to defeat diversity jurisdiction, the removing party must show either (1) that no reasonable possibility exists that the plaintiff would be able to establish a cause of action against the in-state defendant in state court or (2) that plaintiff's pleading of jurisdictional facts was fraudulent. *Holden v. Ill. Tool Works, Inc.,* 429 Fed.Appx 448, 450 (5th Cir. 2011) (internal citations omitted). A district court does not ask

2

whether the plaintiff's claim will succeed on the merits. *Id.* "The court determines whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002).

When considering an improper joinder claim, a court evaluates all of the contested factual allegations in the light most favorable to the plaintiff and resolves any uncertainties in the controlling state's substantive law in the plaintiff's favor. *Tantillo,* at *1 (quoting *Tauzier v. Dodge,* No. 97-2444, 1998 WL 458184, *3 (E.D.La. Aug. 4, 1998) (internal citations omitted)). The burden of showing improper joinder is a "heavy one." *Menendez v. Wal-Mart Stores, Inc.,* 364 Fed.Appx. 62, 69 (5th Cir. 2010).

A court decides whether joinder of a non-diverse defendant was proper based on the plaintiff's claims at the time of removal. *Pullman Co. v. Jenkins,* 305 U.S. 534 (1939). As the Fifth Circuit has stated: "[l]imiting removal jurisdiction question to the claims in the state court complaint . . . permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation." *Cavallini v. State Farm Mut. Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995). Accordingly, a plaintiff may not rely on a supplemental complaint to destroy diversity jurisdiction. *Tantillo,* at *1.

3

Although Plaintiff argues that she makes negligence claims against Gabriel Building and Supply, her state court petition does not support that argument. Plaintiff argues in her motion to remand that she has claims against Gabriel for selling a product it knew was unsafe or for negligence in handling and merchandising the item. These allegations, however, are not in the state court petition. Although Plaintiff alleges that Gabriel was a retailer of the heater (Doc. 1-2, ¶3), she does not allege that it knew the heater was defective, nor does the petition allege that Gabriel negligently handled or merchandised the heater. Plaintiff only alleges that her husband purchased the heater from Gabriel and that Defendants were negligent in the "engineering, design, mandates to component manufacturers, collation of component parts, assembly, quality control, inspection of components and the finished product, packaging and shipping, together with other specific instances of negligence anticipated to be disclosed by further discovery herein." (*Id.* ¶ 6.) As Plaintiff can only recover against Gabriel under the Louisiana Products Liability Act if he knew the heater was defective, and the petition makes no allegations of negligence in handling or merchandising the heater, the Court finds no reasonable basis to predict that a state court would allow Plaintiff to recover against Gabriel. Accordingly, the motion to remand is denied.

**CONCLUSION**

Plaintiffs' Motion to Remand and for Attorneys Fees and Costs (Doc. 6) is **DENIED.** The Court finds no reasonable basis to predict that a state court would allow Plaintiff to recover against Gabriel. Plaintiff's claims against Gabriel Building Supply are dismissed without prejudice.

New Orleans, Louisiana, on this 3rd day of May, 2012.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE