UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA AYALA | CIVIL ACTION |
| VERSUS | NO. 12-577 |
| GABRIEL BUILDING SUPPLY ET AL. | SECTION "H"(5) |

### ORDER & REASONS

Before the Court are a Motion for Entry of Final Judgment on Behalf of Defendant Gabriel Building and Supply Company, Inc. (Doc. 27) and a Motion for Reconsideration of Court's May 3, 2012 Order, or in the Alternative, For Certification of Court's May 3, 2012 Order for Interlocutory Appeal (Doc. 31).  For the following reasons, the Motions are DENIED.

### BACKGROUND

Plaintiff filed the petition in this matter in state court on January 31, 2012, and Defendants filed their Notice of Removal (Doc. 1) on March 2, 2012.  Plaintiff filed a Motion to Remand to State

1

Court (Doc. 6) on March 28, 2012. The Court heard oral argument on the Motion to Remand on May 2, 2012 (Doc. 23) and issued its Order and Reasons denying remand on May 4, 2012 (Doc. 24). In its Order, the Court found that remand was inappropriate because Plaintiff had improperly joined Gabriel Building and Supply Company, Inc. ("Gabriel"), the only non-diverse defendant. Specifically, the Court found "no reasonable basis to predict that a state court would allow Plaintiff to recover against Gabriel" based on the allegations in Plaintiff's state court petition. The Court also dismissed Plaintiff's claims against Gabriel without prejudice. Plaintiff now asks the Court to reconsider that ruling.

Plaintiff filed her Motion to Reconsider on May 13, 2012 (Doc. 31), and Defendants Enerco Group, Inc. ("Enerco") and Mr. Heater, Inc. ("Mr. Heater") filed a Response in Opposition on May 29, 2012 (Doc. 34). Defendant Gabriel filed its Response in Opposition (Doc. 36) on May 29, 2012. Plaintiff filed a Reply on June 4, 2012 (Doc. 42), and Defendants Enerco and Mr. Heater filed a Sur-Reply on June 6, 2012 (Doc. 46). The Court denied Defendants' requests for oral argument on the Motion (Doc. 38) and took the Motion under submission on June 6, 2012.

Defendant Gabriel filed its Motion for Entry of Judgment Under Rule 54(b) on May 9, 2012. (Doc. 27.) Plaintiff opposed this Motion on May 28, 2012. (Doc. 33.) The Court denied Gabriel's request for oral argument on the Motion (Doc. 38) and took the Motion under submission on June 6, 2012. For the following reasons, both the Motion to Reconsider and the Motion for Entry of Final Judgment are denied.

2

**LAW & ANALYSIS**

*I.     Defendant Gabriel's Motion for Entry of Final Judgment*

Defendant Gabriel's Motion for Entry of Final Judgment is denied. Gabriel argues that no reasonable basis exists to treat Gabriel's dismissal from the case as an interlocutory ruling rather than a final judgment. That argument, however, is contrary to Fifth Circuit law.

A party may move for entry of final judgment under Federal Rule of Civil Procedure 54(b). Rule 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Fed.R.Civ.P. 54(b).

According to the Fifth Circuit, "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996). The Fifth Circuit further explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice: "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *Id*. (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir.1985)).

The threshold inquiry for this Court is whether "there is no just reason for delay." *See*

3

*Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992).  This determination is within the sound discretion of the district court.  *Id.*  In making this determination, the district court must weigh "the inconvenience and costs of piecemeal review" against "the danger of denying justice by delay . . . ."  *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).

The Court finds that Gabriel has not met its burden of showing that "hardship or injustice" will result from a delay in the entry of a final judgment.  Specifically, Gabriel has failed to convince the Court that any injustice that would result from delaying the appeal outweighs the "inconvenience and costs of piecemeal review."  Gabriel argues that no reason exists to treat the Court's ruling as interlocutory rather than final.  Contrary to this argument, however, entry of final judgment is the exception rather than the rule.  Accordingly, Gabriel must show a reason why final judgment is appropriate, not merely the absence of a reason why it is not appropriate.  Accordingly, the Court denies Gabriel's Motion for Entry of Final Judgment under Rule 54(b).

II.     *Plaintiff's Motion for Reconsideration of Court's May 3, 2012 Order*

The Court denies Plaintiff's Motion for Reconsideration.  Plaintiff argues that the Court erred in concluding that "no reasonable basis exists for predicting that a state court would allow Plaintiff to recover against Gabriel Building Supply."  In response, Defendants argue that the Court's ruling was correct and that nothing has changed since the Court issued its Order, making reconsideration inappropriate.  The Court finds that its May 3, 2012 Order was proper and will not

4

reconsider it.

There is no motion for "reconsideration" in the Federal Rules of Civil Procedure. *Bass v. U.S. Dept. of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000)(citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998)). A motion for reconsideration filed within 28 days of the district court's judgment, however, is construed as a Rule 59(e) motion. *Id.* Plaintiff filed her Motion on May 13, 2012, or ten days after this Court's Order. Accordingly, the Court construes it as a Rule 59(e) Motion.

A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004)(*citing Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Instead, Rule 59(e) serves the purpose of correcting manifest errors of law or fact, or presenting newly discovered evidence. *St. Paul Mercury Ins. Co. v. Fairgrounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *Sawhney v. TD Ameritrade, Inc.*, No. 09-7651, 2010 WL 5057413, at *1 (E.D. La. Dec. 2 2010). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)(*quoting Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 *(citing Clancy*

*v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that . . . have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D.La. Oct. 6, 2010). While the district courts do have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995), denial of Rule 59(e) motions to alter or amend is favored. *See S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

The Court finds that it did not commit a manifest error of law or fact, and that Plaintiff has not provided any new evidence in support of her arguments. Rather, Plaintiff seeks simply to re-argue a motion that the Court decided unfavorably to her. At this point in time, Plaintiff has not pled facts sufficient to sustain a cause of action against Gabriel. Should discovery reveal additional facts that would allow Plaintiff to plead a proper claim against Gabriel, the Court will cross that bridge when the parties get there. Plaintiff's Motion to Reconsider is denied.

    III.    *Plaintiff's Motion for Certification of Court's Order for Interlocutory Appeal*

Alternatively, Plaintiff asks the Court to certify its Order for interlocutory appeal under 28 U.S.C. § 1292(b). In support of this Motion, Plaintiff argues that interlocutory appeal is appropriate because the Order involves a controlling question of law, and appeal would not require review of the facts of the case. In contrast, Defendants argue that interlocutory appeal is not appropriate because the question here is a question of the Court's application of the law to facts, not strictly

6

a question of law. For the following reasons, the Court denies Plaintiff's motion.

28 U.S.C. § 1292 allows for interlocutory appeal of orders without directing entry of a final judgment on the order. 28 U.S.C.A. § 1292(b)(West 2012). For an interlocutory order to be appealable pursuant to the statute, three conditions must be satisfied. The trial judge must certify in writing that the order: (1) involves a controlling question of law, (2) substantial ground for difference of opinion on that question of law exists, and (3) immediate appeal from the order may "materially advance the ultimate termination of [the] litigation." *Id; Anderson v. Jackson*, No. 06-3298, 2007 WL 4414479, at *3 (E.D.La. Dec. 14, 2007). The Fifth Circuit will only review on interlocutory appeal issues involving a "pure question of law" rather than determinations involving the "application of law to fact." *Id.* at *4 (citing *La. Patients' Comp. Fund Overnight Bd. v. St. Paul Fire & Marine Ins. Co.,* 411 F.3d 585, 588 (5th Cir. 2005)). The moving party carries the burden of showing the necessity of interlocutory appeal. *Chauvin v. State Farm Mut. Auto. Ins. Co.*, nos. 06-7145, 06-8769, 2007 WL 4365387, at *2 (E.D.La. Dec. 11, 2007). Interlocutory appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment." *Id.* (quoting *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.,* 702 F.2d 67, 68-69 (5th Cir. 1983)).

The Court finds that Plaintiff has not met her burden of showing that interlocutory appeal is appropriate. The Order does not involve a "pure question of law" appropriate for interlocutory appeal but rather the Court's application of law to the facts. Plaintiff has also failed to show that

any ground exists for a difference of opinion on the question of law involved in the Order. Instead, Plaintiff's Motion argues that the Court applied the correct law to the issue but did so incorrectly given the facts of this particular case. (*See* Doc. 31.) Lastly, Plaintiff has not convinced the Court that interlocutory appeal would materially advance the litigation. Accordingly, the Court denies Plaintiff's Motion.

## CONCLUSION

For the reasons previously stated, Gabriel's Motion for Entry of Final Judgment and Plaintiff's Motion for Reconsideration are denied.

New Orleans, Louisiana, on this 8th day of June, 2012.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE