UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
PATRICIA HAMAKER AYALA,                    CIVIL  ACTION NO: 12-577
INDIVIDUALLY AND AS SUCCESSION
REPRESENTATIVE/ADMINISTRATIX
OF THE ESTATE OF LOUIS R. AYALA, III

VERSUS                                     SECTION: "H"(5)

GABRIEL BUILDING SUPPLY,
ENERCO CORP., ENERCO GROUP, INC.,          JUDGE MILAZZO
AND ITS SUBSIDIARY, MR. HEATER CORP.       MAGISTRATE CHASEZ
AND ABC AND XYZ INSURANCE
COMPANIES
```

**RESPONSE TO MR. HEATER, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO ENJOIN STATE COURT PROCEEDINGS PURSUANT TO THE ALL WRITS ACT AND FOR SANCTIONS**

**MAY IT PLEASE THE COURT:**

Defendant Mr. Heater, Inc. ("Mr. Heater") has requested this Court to issue an injunction prohibiting plaintiff, Patricia Hamaker Ayala, in her individual and representative capacities, from proceeding with a proceeding in Louisiana state court against Mr. Heater. Mr. Heater argues that plaintiff is acting in contravention of this Court's prior Order denying plaintiff's Motion to Remand, which albeit did not order Plaintiff not to pursue Gabriel in a court of proper jurisdiction. Plaintiff opposes Mr. Heater's motion for an injunction and sanctions for the following reasons.

**BACKGROUND**

This Court previously denied plaintiff's Motion to Remand and dismissed defendant Gabriel Building Supply ("Gabriel"), the non-diverse defendant, from the subject diversity litigation without prejudice, even though Gabriel's counsel moved to have Gabriel dismissed with prejudice.  In order to prevent prescription and to protect her cause of action against Gabriel, plaintiff then filed a second lawsuit in Louisiana state court against Gabriel.  This litigation bears Civil Action No. 2012-1696,  is pending in Tangipahoa Parish, Louisiana, and has neither been contested by Gabriel nor been the subject of a motion to dismiss for lack of cause or right of action ("Ayala II"). Subsequent thereto, counsel for Gabriel, exercising its legal right to do so, filed a third party claim on behalf of Gabriel that made Mr. Heater a party to Ayala II.  Plaintiff then followed and filed the Motion for Leave to file a Second Amended Petition in order to protect her rights against the party brought into Ayala II by counsel for Gabriel.  This action was purely organic within the state court litigation and arose from plaintiff's desire to close necessary pleadings to protect plaintiff's rights and to prevent a later claim of prescription; as well as Counsel's desire to protect himself against a charge of neglect and potential malpractice for not making the claim initiated by Gabriel.

**LAW AND ARGUMENT**

Mr. Heater argues that this Court should enjoin plaintiff's proceedings against Mr. Heater in state court based on the exceptions to the Anti-Injunction Act, 28 U.S.C. §2283, contained in the All Writs Act, 28 U.S.C. §1651(a). Mr. Heater relies on 28 U.S.C. §1446(d) to argue that because the original litigation was removed to this Court, the state court should proceed no further, and that accordingly, this Court's injunction would be authorized by an Act of Congress as allowed by the exceptions to the Anti-Injunction Act.

When, however, the second state court suit is not fraudulent or an attempt to thwart the purpose of the removal statute, the Anti-Injunction Act does bar issuance of an injunction in a state court proceeding. *Lou v. Belzberg*, 834 F. 2d 730 (9th Cir. 1987), cert. denied, 485 U.S. 993, 108 S. Ct. 1302, 99 L. Ed.2d 512 (1988). In this case, Plaintiff had the right to pursue her claims against Gabriel in Louisiana courts, and thus Ayala II is not fraudulent nor in contravention of any law or order of this Court. Furthermore, plaintiff did not bring Mr. Heater into Ayala II; Mr. Heater was added by Gabriel. Thus, plaintiff made no attempt to thwart or usurp the purpose or intent of the removal statute or the specific ruling of this Court, but rather only to protect her rights against Mr. Heater after it was added to the state court litigation by Gabriel.

Furthermore, while Mr. Heater alleges that counsel for Mr. Heater and plaintiff are the same in both this Court and Ayala II, Mr. Heater neglects to mention that Gabriel has its own local counsel who is not before this Court. Thus, Ayala II was initially filed against a different defendant with different counsel and <u>was not</u> merely a re-filing of the original suit in order to subvert the jurisdiction of this Court. Id. at 741.

Indeed, plaintiff has no desire to subvert the jurisdiction of this Court, and has been scrupulous in fully complying with the Court's scheduling order to maintain her early trial date. Plaintiff is wholly supportive of this Court's jurisdiction, however based, and will work to maintain it. Plaintiff is quite happy to have a March trial date and is working as hard as she can to be ready for the trial setting and to have her day in court. A trial date in state court could be months or even years away. Plaintiff does believe, however, that to the extent Mr. Heater was made a party to the state court proceeding by defendant Gabriel, plaintiff was forced to make her claims against Mr. Heater in the state court proceeding, in order not to eventually lose them.

Mr. Heater also argues to the court that if the state court proceeding against it is allowed, Mr. Heater will have to expend the cost of defending two actions simultaneously. Mr. Heater forced plaintiff into this same position when, in order to get

into federal court, it attempted to do away with plaintiff's legitimate cause of action against the non-diverse party, Gabriel.  In order to pursue her claims, plaintiff has been forced into double expense in two venues, and there is no reason Mr. Heater should be spared the consequences of its own action.

In short, this cause of action was initially fractured by Defendants' removal based on an argument about the wording of the pleadings although removal under the federal practice, *per se*, is permitted in only limited circumstances, and Louisiana practice permits generous amendments to pleadings to overcome deficiencies in any causes of action alleged to be inadequate. *Scranton v. Ashley Ann Energy, L.L.C.*, No.46,984-CA (La. App. 2d Cir. April 11, 2012).  When removal has been used to transfer non-exclusive jurisdiction of a pending state court case to a federal court, and that case includes a non-diverse party whose presence must be managed to preserve federal court jurisdiction, a possibility remains that a higher court could review the federal court assertion of jurisdiction, even on the higher court's own volition, and reverse, thereby endangering Plaintiff's claims (or judgment) against these defendants, and subjecting plaintiff's claims to a Louisiana prescription defense and plaintiff's Counsel to charges of neglect and malpractice.  See generally, *Chick Kam Choo vs. Exxon Corp.*, 764 F.2d 1148 (5th Cir., 1985).

Plaintiff has asked for the right to file a Second Supplemental Petition against Mr. Heater only to protect her rights, not to challenge the jurisdiction of this Court, but as a precautionary measure to protect against the vicissitudes of this split litigation.  Most of all, plaintiff wants to maintain her March 2013 trial date in <u>this</u> Court in this matter, and most assuredly does not want to do anything to disrupt, usurp, or delay this Court's jurisdiction and the coming trial date.  Any arguments to the contrary would not be based upon sound logic or the facts, and would be self defeating of plaintiff's own best interests. The precatory facts required by law to support Defendants' request for such harsh, aggressive remedies are missing in this case.  Indeed, the facts are to the contrary, and Plaintiff wants this jurisdiction to try her case in March 2013.  Accordingly, Mr. Heater's exceedingly harsh request for an injunction, sanctions, costs, and attorney's fees should be denied as wholly inappropriate under the present circumstances.

**Respectfully submitted,**

//s Fred E. Salley

_____
**FRED E. SALLEY, T.A.  (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-9925
Facsimile: (985) 867-3368
Attorney for Plaintiff:Patricia**

        **Hamaker Ayala, Individually; and as Succession Representative for the Estate of Louis R. Ayala, III**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 30th day of October 2012.

        //s Fred E. Salley

        _____
        **FRED E. SALLEY, T.A.  (11665)**