UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA HAMAKER AYALA                               CIVIL ACTION

VERSUS                                               NO: 12-577

GABRIEL BUILDING SUPPLY *ET AL.*                     SECTION: "H"(5)
_____

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR INJUNCTION/SANCTIONS**

**May it Please the Court:**

This supplemental memorandum is submitted in opposition to Defendants' injunction request pursuant to the Court's scheduling order, although there is nothing new or compelling in Defendants' reply memorandum.

Plaintiff's complete focus is on preparing the Plaintiff's case for trial in this Court in March 2013. Plaintiff has no more important focus or agenda. However, after Defendants successfully oversold their claim of fraudulent joinder, and caused the splitting of Plaintiff's actions between state court and federal court, Defendants now sardonically complain that **their** defense may have to be split between state court and federal court, while persisting in efforts to create diversions and disruptions which interfere with Plaintiff's trial preparations in this Court.

Further, Defendants have not seen fit to cooperate with discovery in federal court. Plaintiff has had to file a motion

to compel Defendants to answer its interrogatories, the original responses to which were a complete stonewall.

Regardless of the outcome of Defendants enjoinder motion here, the independent actions of Gabriell will force Defendants to split their defense between state and federal court, because Gabriell is clearly entitled to pursue its own legal remedies, and Defendants caused the splitting of the actions.

An injunction is an extraordinary remedy in the federal system, seen most often only in specific legislation which incorporates directed or limited injunctions, such as in The Limitation of Liability Act wherein a vessel owner may file a limitation complaint and thereby seek to force a single *concursus* proceeding of all claimants; but it depends upon the posting of a suitable bond by a party filing one.  Plaintiff anticipates that the judgment in this case could be $12 to $16 million, but it is highly unlikely that Defendants have even thought about or would be capable of posting a suitable bond contemplated in FRCP Rule 65(C) for compliance with substantive and procedural due process and "taking" requirements.

Indeed, Defendants have shown no evidence and have submitted no persuasive reasons for seeking their injunction except to disrupt the course of proceedings in federal court, and distract Plaintiff's efforts to prepare her case for trial in here.

Defendants have assiduously persisted in their allegations about the contents of the original suit compared to the second amended suit filed in state court.  After Defendants' actions in federal court, which resulted in throwing Plaintiff's valid Gabriell claim off the bus, are Defendants truly surprised that Plaintiff had to promptly reinstate her suit against Gabriell in state court to protect that right of action?  Are Defendants surprised that Gabriell third-partied Defendants back into state court?  The answer would have to be a resounding no!  Of course all aspects of Plaintiff's claims in state court are slightly different to account for newly acquired information and changing circumstances.  The protective amendment filed to correct earlier misinformed allegations only added Mr. Heater in state court to protect plaintiff and counsel from defenses of prescription or laches--and counsel from claims of neglect and malpractice.  Counsel is all too aware that in Louisiana, claims have to be filed in a court of <u>competent</u> jurisdiction to interrupt one year prescription; and it would be foolish to think that nothing more could go wrong in this case.  Defendants have not disclosed those facts accurately, choosing instead to carefully extract and include single paragraphs from the pleadings, whereas if they are arguing these seemingly inconsequential facts, Defendants should have attached the entirety of the subject pleadings for side by side comparison.

Plaintiff has adapted to the split causes of action forced on her by the removal to federal court, but certainly finds it to her benefit to protect the federal jurisdiction and her trial date.  Plaintiff has no intention of pushing the litigation in state court, or of foolishly **subverting** the federal court's jurisdiction which would negatively impact Plaintiff's imminent trial date. Defendants' motion should be dismissed, so Defendants can start cooperating in discovery.

**Respectfully submitted,**

//s Fred E. Salley

_____
**FRED E. SALLEY, T.A.  (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-9925
Facsimile: (985) 867-3368
Attorney for Plaintiff:Patricia Hamaker Ayala, Individually; and as Succession Representative for the Estate of Louis R. Ayala, III**

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 6th day of November 2012.

//s Fred E. Salley

_____
**FRED E. SALLEY, T.A.  (11665)**