UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


PATRICIA HAMAKER AYALA                                    CIVIL ACTION

VERSUS                                                     NO: 12-577

GABRIEL BUILDING SUPPLY, ET AL.                            SECTION: "H"(5)


## ORDER AND REASONS

On November 7, 2012, the Court ordered Plaintiff's Counsel (Fred E. Salley) to show cause why he should not be sanctioned and assessed costs and attorney's fees associated with Defendant Mr. Heater, Inc.'s ("Mr. Heater") Motion to Enjoin State Court Proceedings Pursuant to the All Writs Act and for Sanctions ("Instant Motion"). (*See* R. Docs. 60; 50.) The Court is now ready to rule and hereby assesses against Plaintiff's Counsel attorney's fees and costs incurred by Mr. Heater in bringing the Instant Motion pursuant to 28 U.S.C. § 1927. The parties are ordered to the Magistrate Judge assigned to this case for the purpose of determining quantum.

## BACKGROUND

1

The facts of this case are summarized in detail in this Court's Order of November 7, 2012 (R. Doc. 61) in which the Court granted in part and denied in part the Instant Motion (R. Doc. 50). The Court ordered Plaintiff's Counsel to return for a hearing before this Court on December 5, 2012, at 10:00 a.m. to show cause why sanctions should not be imposed under 28 U.S.C. § 1927. (R. Doc. 61.) The Court further required Plaintiff's Counsel to submit a written memorandum in support of his position no later than November 20, 2012. (*Id.*) Plaintiff's Counsel filed the memorandum on November 22, 2012.[1] (R. Doc. 68.) The Court held a show-cause hearing on December 5, 2012. (R. Doc. 79.)

## LEGAL STANDARD

28 U.S.C. § 1927 permits a federal court to levy "excess costs, expenses, and attorney's fees" against "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. The Fifth Circuit has characterized awards under Section 1927 as "penal in nature." *Browning v. Kramer, M.D.*, 931 F.2d 340, 344 (5th Cir. 1991). Thus, Section 1927 is "strictly construed, and sanctions may not be imposed for mere negligence on the part of counsel." *Baulch v. Johns*, 70 F.2d 813, 817 (5th Cir. 1995). Rather, "the offending attorney's multiplication of the proceedings must be both 'unreasonable' and 'vexatious.'" *Fed.*

---

[1] The Court orally ordered that Plaintiff's Counsel file a written memorandum no later than fifteen days from November 7, 2012, the date of oral argument. The minute entry and Order and Reasons issued that same day, however, required that the memorandum be submitted by November 20, 2012. The Court is aware of the potential for confusion created by these conflicting dates and will therefore consider Plaintiff Counsel's memorandum as if it were filed timely.

*Deposit Ins. Corp. v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1376) (quoting 28 U.S.C. § 1927). The Fifth Circuit requires evidence that "an attorney has acted in bad faith, with improper motive, or with a reckless disregard of the duty owed to the court." *Baulch*, 70 F.2d at 817; *see also Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002); *Edwards v. Gen. Motors Corp*, 153 F.2d 242, 246 (5th Cir. 1998). The purpose of sanctioning counsel under Section 1927 is to deter "frivolous appeals and arguments" which "waste scarce judicial resources and increase legal fees charged to the parties." *Baulch*, 70 F.2d at 817. This Court is "mindful that [Section] 1927 sanctions should not be accessed without fair notice and without giving the attorney an opportunity to respond." *Id.*; *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (finding that "attorneys fees should not be assessed lightly or without fair notice and an opportunity for a hearing on the record").

**LAW AND ANALYSIS**

For the following reasons, the Court finds that sanctions are appropriate pursuant to 28 U.S.C. § 1927. Accordingly, Plaintiff's Counsel is assessed costs and attorney's fees incurred by Mr. Heater in bringing the Instant Motion.

Plaintiff's Counsel contends that he did not intend to challenge or subvert this Court's jurisdiction by filing claims in state court against Mr. Heater virtually identical to those currently pending before this Court. (R. Doc. 53.) He argues that he was "forced" to assert claims against Mr. Heater so as not to lose them to prescription and to guard against a possible charge of legal

3

malpractice. (*Id.*); (*see also* R. Doc. 68). Plaintiff's Counsel makes much of the fact that Mr. Heater was brought into the state court action as a third-party defendant by Defendant Gabriel Building Supply ("Gabriel"). This third-party demand apparently "caused counsel to panic and believe that he might need to close pleadings in state court to doubly ensure all of Plaintiff's rights." (R. Doc. 68.) Plaintiff's Counsel insists that he prefers to litigate in federal court and looks forward to his upcoming trial date. (*Id.*) Therefore, any attempt to subvert federal court jurisdiction would "obviously" be "self-defeating." (*Id.*)

Plaintiff's Counsel's arguments are specious at best. In Louisiana, tort actions are subject to a liberative prescription of one year. La. Civ. Code art. 3462. "The filing of an action in a court of competent jurisdiction and proper venue within the one year prescriptive period interrupts prescription for as long as the action is pending." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 299 (5th Cir. 1999) (citing La Civ. Code art. 3463). Therefore, Plaintiff's Counsel interrupted prescription by filing suit in state court—which was subsequently removed to this Court—against Mr. Heater. Since this action is still pending, prescription against Mr. Heater remains interrupted. Thus, Plaintiff is in no danger whatsoever of losing her claims against Mr. Heater to prescription.

Plaintiff Counsel's argument that it was necessary to assert claims against Mr. Heater in the state court action in order to "close pleadings" and "doubly ensure all of Plaintiff's rights" is similarly unavailing and nonsensical. As discussed in this Court's November 7 Order, Plaintiff's

Claims against Mr. Heater in the state court action are virtually identical to those currently pending. (R. Doc. 61.) Thus, Plaintiff's rights against Mr. Heater are adequately protected in this Court. To suggest otherwise is to directly challenge the competency of this Court to fully and fairly adjudicate Plaintiff's claims.

Plaintiff's Counsel's actions evince a "reckless disregard of the duty owed to the court." *Cf. Baulch*, 70 F.2d at 817. By filing duplicative claims in state court, Plaintiff's counsel wasted the time and resources of both opposing counsel and this Court. Consequently, the Court will impose sanctions under 28 U.S.C. § 1927.

## CONCLUSION

For the reasons previously stated, sanctions are imposed against Plaintiff's Counsel under 28 U.S.C. § 1927. The parties are hereby ordered to the Magistrate Judge assigned to this case to determine the quantum of costs and attorney's fees associated with the Instant Motion.

New Orleans, Louisiana, on this 5th day of December, 2012.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

5