UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICIA HAMAKER AYALA, INDIVIDUALLY AND AS SUCCESSION REPRESENTATIVE/ADMINISTRIX OF THE ESTATE OF LOUIS R. AYALA, III | * * * * * | CIVIL ACTION NO: 12-577 |
| VERSUS | * * | SECTION: "H"(5) |
| GABRIEL BUILDING SUPPLY, ENERCO CORP., ENERCO GROUP, INC. AND ITS SUBSIDIARY, MR. HEATER CORP. AND ABC AND XYZ INSURANCE COMPANIES | * * * * * | JUDGE: MILAZZO MAGISTRATE: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF ENERCO GROUP, INC. AND
MR. HEATER CORPORATION'S MOTION TO COMPEL
PLAINTIFF TO PRE-MARK EXHIBITS TO BE USED AT THE
VIDEO TRIAL DEPOSTIONS OF DECEDENT'S HEALTH CARE PROVIDERS**

Defendants, Enerco Group, Inc. ("Enerco") and Mr. Heater Corporation ("Mr. Heater"), submit the following memorandum in support of their Motion to Compel plaintiff to pre-mark exhibits to be used at the video trial depositions of decedent's health care providers.

## I. BACKGROUND

Plaintiff, Patricia Hamaker Ayala, filed suit against Enerco and Mr. Heater seeking damages for the personal injuries, and subsequent death, of her husband,

Louis R, Ayala, III, which was the result of a fire caused when Mr. Alaya backed into a Mr. Heater MH12T heating unit on February 2, 2011, causing his clothes to catch on fire. As a result of the fire, Mr. Ayala received extensive "3rd and 4th degree burns on his entire back, hips, shoulders, arms and the back of his head."[1] Subsequently, on August 4, 2011, Ayala passed away, allegedly as a result of the burns received in the fire.[2]

Counsel for plaintiff has recently expressed his intention to take the video **trial depositions** of several of Mr. Ayala's treating physicians[3]. During the course of Mr. Ayala's treatment, his healthcare providers generated over 15,000 pages of medical records. Because the proposed depositions are expressly being taken for trial purposes, the undersigned has requested that plaintiff's counsel pre-mark and produce all records which will be used as exhibits in the trial depositions at least forty-eight (48) hours prior to the deposition. Counsel for plaintiff has refused this request.[4]

## II. LAW AND ARGUMENT

### A. Plaintiff's Failure to Pre-Mark Exhibits Used at a Trial Deposition is a Violation of the Court's Pre-Trial Order

The Pre-Trial Notice issued by the Court on January 4, 2013, outlines the procedure for the parties marking and exchanging of exhibits during confection of the required pre-trial order. The Notice states, "the parties shall meet, exchange copies of all exhibits, and make a good faith effort to agree as to their authenticity and

---

[1] See Record Document No. 1, Exhibit No. 2, Petition at ¶ 5.

[2] Id. at ¶ 7.

[3] Although the Court's Pre-Trial Order set a March 20, 2013, deadline for taking depositions for trial use, the undersigned does not object to the video depositions of Mr. Ayala's health care providers.

[4] See Exhibit "A," electronic correspondence dated April 1, 2013.

2

relevancy".[5] Further, the Notice provides, "each counsel shall also bring to Court on the day of trial a <u>set of the exhibits</u>, properly marked for identification, which counsel intends to offer into evidence."[6] Clearly, the Court's Pre-Trial Notice requires the parties to identify, mark and exchange all exhibits prior to their being used a trial.

Plaintiff cannot circumvent the Court's requirement that exhibits be marked and exchanged prior to trial by simply taking the depositions of his witnesses rather than calling them live. As previously stated, Mr. Ayala's medical records total approximately 15,000 pages. Further, because most of Mr. Ayala's treatment was rendered at Baton Rouge General Hospital, the physicians do not all have their own copies of the treatment records and the hospital records are organized by physician. Rather, the records are, for the most part, in date order.

If plaintiff's counsel called Mr. Ayala's health care providers at trial, rather than by trial deposition, it is certain the Court would not allow him to simply designate all 15,000 pages of records as a single exhibit and allow him to then enter particular documents into evidence at his whim. Likewise, with regard to a deposition to be used **exclusively for trial**, plaintiff should not be allowed to identify, <u>in</u> <u>globo</u>, over 15,000 pages, any of which he may seek to question the witness about and seek to introduce into evidence. Manifest fairness requires that plaintiff, at a trial deposition, should be held to the same requirement regarding identification and marking of exhibits, as she would be held if the witnesses were called at trial.

---

[5] Doc 86-1, pg. 5.
[6] <u>Id.</u>

If plaintiff's counsel does not provide Enerco and Mr. Heater with the exhibits he intends to question Mr. Ayala's health care providers with prior to trial, the undersigned will have no choice but to read each document in its entirety as it is presented to the witness. Obviously, this will be very time consuming for all parties, as well as the witness, and will not present a very smooth video presentation at trial.

In response to Enerco and Mr. Heater's request that plaintiff provide the exhibits he intends to introduce prior to the trial depositions, plaintiff's counsel responded the request was "simply too bizarre and not supported by any rule I have ever heard of".[7] Enerco and Mr. Heater disagree with plaintiff's characterization and represent that Court's have issued orders such as the one requested when the deposition at issue is a trial deposition, rather than a discovery deposition.

In <u>Beechgrove Redevelopment, LLC v. Carter & Sons, Inc.</u>, 2008 WL 5382310 (E.D. La. 2008), the defendant sought to take the video depositions of several persons for use a trial. The plaintiff had several objections to these depositions. In finding that the depositions could go forward for trial purposes, Magistrate Judge Shushan ordered that defendant must provide counsel for all parties pre-marked copies of all the exhibits to be used in the deposition ten (10) days prior to the trial deposition. As such, Enerco and Mr. Heater's request for pre-marked exhibits is not "bizarre" and is supported by jurisprudence.

## **CONCLUSION**

As demonstrated above, under the Court's Pre-Trial Notice, plaintiff is required to present Enerco and Mr. Heater with pre-marked copies of all exhibits she intends to use

---

[7] See Exhibit "A," electronic correspondence dated April 1, 2013.

4

at the **trial deposition** of Mr. Ayala's treating physicians.  Accordingly, Enerco and Mr. Heater request this Court issue an Order compelling plaintiff to produce pre-marked copies of all exhibits to be used during the depositions of plaintiff's healthcare providers at least forty-eight (48) hours prior to the deposition.

        Respectfully submitted,

        **BLUE WILLIAMS, L.L.P.**

        s/ PAUL D. PALERMO_____
        PAUL D. PALERMO (#19725)
        CRAIG V. SWEENEY (#23954)
        3421 N. Causeway Blvd. – Suite 900
        Metairie, Louisiana 70002
        Telephone: (504) 831-4091
        Facsimile: (504) 837-1182
        Attorneys for Enerco Group, Inc. and Mr. Heater Corporation

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice to the parties of record.

        s/ PAUL D. PALERMO_____
        PAUL D. PALERMO

*#1716976*