UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA HAMAKER AYALA                    CIVIL ACTION

VERSUS                                    NO: 12-577

GABRIEL BUILDING SUPPLY *ET AL.*          SECTION: "H"(5)

MEMORANDUM IN OPPOSITION TO ENERCOS' MOTION FOR
PRE-DISCLOSURE AND MARKING OF DOCUMENTS

Plaintiffs adamantly oppose Enercos' latest motion to compel Plaintiffs' counsel to pre-mark documents prior to video depositions of treating physicians. Enerco has no legal or factual basis for what would be tantamount to clear invasion of attorney work-product privilege. This is clearly contrary to the decision in **Hickman vs. Taylor,** and the thousands of cases that have followed that decision. A significant part of the Federal Rules of Civil Procedure, and the discovery rules contained therein, were drafted to comply with the various attorney work-product privileges confirmed by **Hickman**.

Showing an opponent in litigation the exact documents one intends to show to a trial witness days prior to the posit of a question, and well in advance of the commencement of that witnesses' examination or the trial, is clearly a cynical attempt to force the attorney to disclose the nature and subject of his intended examination in advance. Why not just go straight to the heart of the issue and ask the attorney for a list of the

exact questions he intends to ask the witness?  Enercos' ploy is in no way different from forcing one side to disclose his precise thought processes, strategy, and trial preparation.  It is simply not permitted.  Counsel does not consider a random, one-off discovery order entered by Magistrate Shushan in a different case, with different facts, compelling, authoritative, or legally binding.  Was Shushan's order appealed, still pending, or was the case resolved before that ruling was complied with or appealed?

　　　In the instant case, Plaintiffs' can only surmise that Enerco's motion was only filed to harass, annoy, interfere, or distract plaintiffs' counsel from concentrating on or preparing his case.  At the time Enercos' motion was filed, there were no video depositions set, noticed, or contemplated.  Enercos' counsel know that all medical witnesses were under valid subpoena to appear live at the trial, and that oral depositions would be set of those certain doctors who requested them, but only with the acquiescence and lack of objection of Enerco pursuant to FRCP Rule 45.

　　　Moreover, Ayalas' trial subpoenas for the treating physicians were served *duces tecum* for that particular treating physicians' medical records or invoices.  Mr. Ayala's medical care, from his injury to his death six months later, produced a volume of 20,000,000+ pages of medical records.  Plaintiffs'

counsel has only obtained about 250 pages of that mountain of records, which were copied and sent to Enercos' counsel several months ago.  On the other hand, Enerco's attorney has also advised that he ordered a complete set of the medical records several months ago, so Enerco should be providing Plaintiffs' counsel with copies of the records from its stash.

    Mrs. Ayala simply cannot afford to buy 20,000,000 pages of medical records, or to pay for several video depositions of medical witnesses located in Baton Rouge.

    At the latest (and so far, only) medical deposition that has occurred in this matter, that deposition was scheduled, noticed, and conducted by the Enerco defendants. Enercos' attorney commenced the deposition with a 2" stack of pre-pulled targeted medical records; and with several pages of already typed out questions.

    Plaintiffs' counsel simply does not have any records to pre-pull, or pre-mark.  He will not know which, if any records, will be identified by, or might be used to examine, a particular medical witness until documents are actually produced by that witness in response to Ayala's subpoena *duces tecum*.

    Enercos' motion should be dismissed as at best premature, currently moot, or as seeking relief unsupported by any legal authority or factual showing of dire need for materials which would clearly fall within the ambit of attorney work-product

privileged trial preparation.

**Respectfully submitted,**

//s Fred E. Salley

_____
**FRED E. SALLEY, T.A.  (11665)
SALLEY & ASSOCIATES**
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-8830
Facsimile: (985) 867-3368
**Attorney for Plaintiff:Patricia Hamaker Ayala, Individually; and as Succession Representative for the Estate of Louis R. Ayala, III**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 9th day of April 2013.

//s Fred E. Salley

_____
**FRED E. SALLEY, T.A.  (11665)**