UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA HAMAKER AYALA | CIVIL ACTION |
| VERSUS | NO: 12-577 |
| GABRIEL BUILDING SUPPLY, ET AL. | SECTION: "H"(5) |

### ORDER AND REASONS

Before the Court are two Motions for Partial Summary Judgment (R. Docs. 96; 124) and nine Motions *in Limine* (R. Docs. 97; 111; 126; 140; 141; 142; 143; 144; 145). For the following reasons, the Motions for Partial Summary Judgment are GRANTED and Plaintiff's claims are DISMISSED. Since no cognizable claims remain against Defendants, the Motions *in limine* are DENIED AS MOOT.

### BACKGROUND

This products liability action stems from the alleged malfunction of a Model MH12T heating

unit (the "subject heater") manufactured by Defendants Enerco Group, Inc. and Mr. Heater, Inc. Louis Ayala ("Ayala") purchased the subject heater on January 28, 2011. On February 2, 2011, the subject heater exploded, severely burning Ayala and causing significant damage to the surrounding building. Ayala was hospitalized and treated for 2nd and 3rd degree burns. During this time, Ayala endured multiple surgeries, intubations, and other uncomfortable procedures. Ayala fought for his life for approximately six months but eventually succumbed to his injuries on August 4, 2011.

On January 31, 2012, Ayala's wife filed a wrongful death and survival action in State court. (R. Doc. 1, Ex. A.) Defendants removed the matter on March 2, 2012 (R. Doc. 1), invoking this Court's diversity jurisdiction and alleging improper joinder of former Defendant Gabriel Building Supply ("Gabriel"). On May 4, 2012, the Court dismissed Plaintiff's claims against Gabriel. (R. Doc. 24.) On March 7, 2013, the Court dismissed Plaintiff's claims for negligence, strict liability, and manufacture of an ultra hazardous project, holding that Plaintiff's theories of recovery are limited to the Louisiana Products and Liability Act ("LPLA"), La. Rev. Stat. §§ 2800.51–.60. (R. Doc. 107.)

Defendants seek dismissal of Plaintiff's remaining claims through two Motions for Partial Summary Judgment (R. Docs. 96; 124). Both Motions are opposed (R. Docs. 112; 138).

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

2

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) ().  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d

382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

**LAW AND ANALYSIS**

In this diversity case, Louisiana law controls. *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 681 (5th Cir. 2011). Under Louisiana law, the LPLA provides the exclusive remedy against manufacturers in a products liability action. La. Rev. Stat. § 9:2800.52; *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). To maintain a successful action under the LPLA, a plaintiff must prove: "(1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous'; and (4) that the claimant's damage arose from a reasonably anticipated use of the product . . . ." *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 261 (5th Cir. 2002) (citing La. Rev. Stat. § 9:2800.54). A product can be "unreasonably dangerous" in four ways: (i) in construction or composition; (ii) in design; (iii) for failure to provide an adequate warning; and (iv) for failure to conform to an express warranty. La. Rev. Stat. § 9:2800.54(B). The plaintiff bears the burden of proving all elements. La. Rev. Stat. § 9:2800.54(C).

Defendants seek dismissal of Plaintiff's claims on the basis that the subject heater is not "unreasonably dangerous" under the LPLA. In their first Motion for Partial Summary Judgment,

Defendants move to dismiss any claim for defective design or breach of express warranty. (R. Doc. 96.) In their Second Motion for Partial Summary Judgment, Defendants move to dismiss any claim for inadequate warning or construction defect. (R. Doc. 124.) The Court addresses each Motion separately.

After reviewing the summary judgment record in a light most favorable to Plaintiff, the Court agrees with Defendants that no triable issue exists under the LPLA. Accordingly, the Motions for Partial Summary Judgment are granted and Plaintiff's claims are dismissed.

I.        First Motion for Partial Summary Judgment (R. Doc. 96)

Although styled as a motion for judgment on the pleadings and in the alternative for partial summary judgment, the Court reviews the instant Motion under Rule 56, given the imminence of the trial date, the attachment of materials outside the pleadings, and the ample opportunity for each party to present such materials in support of their position.[1] *See* Fed. R. Civ. P. 12(c); 12(d); 56; *see further United States v. 2008 Ford Expedition SUV*, C.A. No. C–12–133, 2012 WL 6115655, *2 (S.D. Tex. Oct. 26, 2012) (citations omitted).

Defendants argue that Plaintiff fails to carry her summary judgment burden as to whether the subject heater was unreasonably dangerous due to defective design or breach of express warranty. Plaintiff filed a one-paragraph opposition in response to this Motion, arguing that

---

[1] At the time the Motion was filed, discovery had been ongoing for several months. Moreover, at Plaintiff's request, the submission date was continued for two weeks. (R. Doc. 104.) Thus, Plaintiff was given approximately one month to respond to the Motion.

5

Defendants seek judgment in vain "concerning claims which were never brought by plaintiffs." (R. Doc. 112.) Given the ambiguity in Plaintiff's State court petition, the Court addresses these claims in an abundance of caution.

A. *Whether the Heater was Unreasonably Dangerous in Design*

A product is unreasonably dangerous in design if, at the time the product left the manufacturer's control:

> (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and
> (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product

La. Rev. Stat. § 9:2800.56. The summary judgment record is devoid of any evidence that an alternative design existed that could have prevented Plaintiff's injuries. Even assuming *arguendo* the existence of such design, there is no evidence regarding the burden of adopting the design and any adverse effect on the utility of the heater. Given the foregoing, Plaintiff cannot prove that the subject heater was unreasonably dangerous in design.

B. *Whether the Heater was Unreasonably Dangerous Due to Breach of Express Warranty*

A product is unreasonably dangerous when it does not conform to a manufacturer's express warranty about the product if the warranty "induced the claimant . . . to use the product and the claimant's damage was proximately caused because the express warranty was untrue." La. Rev.

6

Stat. § 9:2800.58. The *conditio sine qua non* for a breach of warranty claim is the existence of an express warranty. Since the record does not reveal that any such warranty was made, the heater was not unreasonably dangerous under La. Rev. Stat. § 9:2800.58.

II.     <u>Second Motion for Partial Summary Judgment</u> (R. Doc. 124)

Defendants argue that no triable issue exists as to whether the subject heater was unreasonably dangerous due to a defect in construction or the failure to provide an adequate warning regarding a potentially damage-causing characteristic. The Court addresses each of these arguments in turn.

A.  *Whether the Heater was Unreasonably Dangerous Due to a Defect in Construction or Composition*

"To prevail under the construction or composition theory, Louisiana courts require the plaintiff to (i) set forth the manufacturer's specifications for the product and (ii) demonstrate how the product materially deviated from those standards so as to render it unreasonably dangerous." *Roman v. W. Mfg, Inc.*, 691 F.3d 686, 698 (5th Cir. 2012.); *see also* La. Rev. Stat. § 2800.55. Courts may not infer the existence of a product defect based solely on the fact that an accident occurred. *Weiss v. Mazda Motor Corp.*, 54 So. 3d 724, 726 (La. Ct. App. 5th Cir. 2010) (citations omitted).

Plaintiff's expert—A.J. McPhate ("McPhate")—opined that the most probable cause of the fire and Ayala's injuries was a propane leak in the subject heater. McPhate identified several

7

*potential* defects in the subject heater.[2] However, since all non-ferrous components of the subject heater melted in the fire, McPhate based his opinion on an examination of another MH12T heater. Accordingly, McPhate conceded that there was no evidence to suggest the subject heater itself was defective. In fact, McPhate admitted that he could not conclusively rule out other potential sources of a propane leak, such as a faulty propane tank or Ayala's failure to properly secure the POL fitting. McPhate testified in his deposition, however, that it was highly improbable that the source of the propane leak was a faulty propane tank.

Based on the record before it, the Court finds that Plaintiff has failed to carry her summary judgment burden. This conclusion finds support in Louisiana jurisprudence. In *Gladney v. Milam*, the plaintiffs brought a product liability action against a tire manufacturer after one of the tires failed, causing the plaintiffs' vehicle to roll over several times. 911 So. 2d 366, 368 (La. Ct. App. 2d Cir. 2005). In opposition to a motion for summary judgment, the plaintiffs submitted photographs of the damaged tire, the police accident report, a witness statement, and the testimony of two experts. *Id.* at 371. Although he was unable to examine the damaged tire itself, the plaintiffs' engineer expert testified that the most probable cause of the tire failure was fatigue of the polyester cords in the sidewall resulting from a manufacturing defect. *Id.* The expert conceded,

---

[2] McPhate identified five potential defects: (1) a faulty connection on the propane bottle; (2) failure of the pressure regulator; (3) failure of the safety shutoff valve; (4) a crack in the fitting between the safety shutoff valve and the pressure regulation body; and (5) a crack in the fitting between the safety shutoff valve and the mixing tube.

8

however, that cord fatigue may have been caused by improper maintenance or alternatively by a design defect. *Id.* The plaintiffs' other expert concurred that a construction defect caused the tire to fail but acknowledged that he could not identify the source of the defect. *Id.* The Louisiana appellate court affirmed the district court's grant of summary judgment, finding that the opinions of plaintiffs' experts were too speculative in nature to create a genuine factual dispute regarding a defective condition in the tire. *Id.*

The marked similarities between *Gladney* and the instant matter support the entry of summary judgment in favor of Defendants. Experts in both cases opined that the most probable cause of the accident was a construction defect despite not having meaningfully examined the damaged product itself. Furthermore, both experts were unable to rule out non-defect-related causes of the accident, such as user negligence. In fact, whereas the plaintiffs in *Gladney* opposed summary judgment with photographs of the allegedly defective product, the police accident report, a witness statement, and the testimony of two experts, Plaintiff herein relies mostly on the testimony of *one* expert witness.[3] Thus, *Gladney* supports this Court's decision *a fortiori*.

Given the lack of direct evidence of a manufacturing defect in the subject heater, Plaintiff appears to argue that there is sufficient circumstantial evidence to establish a genuine issue of material fact under the doctrine of *res ipsa loquitur*. This doctrine is a rule of circumstantial

---

[3] Plaintiff does not attach any documents to his opposition memorandum. Rather, he excerpts various portions of the McPhate deposition and vaguely references other documents, which may or may not be in the record.

9

evidence that assists the plaintiff in presenting a *prima facie* case when direct evidence is lacking. *Linnear v. CenterPoint Energy Entex/Reliant Energy*, 966 So. 2d 36, 42 (La. 2007). It permits the factfinder to infer fault based on the circumstances surrounding the injury. *See Cangelosi v. Our Lady of the Lake Reg'l Med. Ctr.*, 564 So. 3d 654, 665 (La. 1989). The Louisiana Supreme Court has held that a products liability plaintiff may utilize *res ipsa loquitur* to establish the inference that a product was unreasonably dangerous. *Lawson v. Mitsubishi Motor Sales of America, Inc.*, 938 So. 2d 35, 49 (La. 2006). In order to use this special rule of circumstantial evidence, a plaintiff must "sufficiently exclude inference of the plaintiff's own responsibility or the responsibility of others besides defendant in causing the accident." *Id.* at 50 (internal quotations and citations omitted). Because *res ipsa loquitur* is an exception to the general rule that fault should not be presumed, it should be sparingly applied. *Linnear*, 966 So. 2d at 44.

Plaintiff may not avail herself of the doctrine of *res ipsa loquitur*, because she has not sufficiently excluded other plausible causes of the propane leak. Plaintiff's expert acknowledged in his deposition that the propane leak may have been caused by Ayala's failure to sufficiently secure the POL fitting. Plaintiff does not identify any evidence in the summary judgment record, nor can this Court find any, which sufficiently excludes user negligence as a possible cause of the accident. Courts routinely reject the application of *res ipsa loquitur* under such circumstances. *See, e.g.*, *Glascock v Medical Depot, Inc.*, No. 11–305–JJB, 2013 WL 6310021, at *7 (M.D. La. Jan. 29, 2013); *Lacassin v. Virco, Inc.*, No. 6:11–CV–2104, 2012 WL 6183682, at *5 (W.D. La. Dec. 11, 2012);

*Gladney*, 911 So. 2d at 372.

B.  *Whether the Heater was Unreasonably Dangerous due to Inadequate Warning*

"To maintain a failure-to-warn claim, a plaintiff must demonstrate that 'the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.'" *Stahl*, 283 F.3d at 261 (quoting La. Rev. Stat. § 9:2800.57(A)).  A plaintiff need not prove a design or construction defect in order to prevail on a failure-to-warn claim. *Grenier v. Med. Eng'g Corp.*, 243 F.3d 200, 205 (5th Cir. 2001) (citations omitted).  In all cases, however, a manufacture is liable for inadequate warning only if such defect was a proximate cause of the plaintiff's injury. *Peart v. Dorel Juvenile Grp., Inc.*, No. 09–7463, 2011 WL 1336563, at *3 (E.D. La. Apr. 7, 2011) (citations omitted); La. Rev. Stat. § 9:2800.54(A).  In addition to proving causation in fact, a plaintiff must also demonstrate that the inadequate warning was the most probable cause of his injury. *See Wheat v. Pfizer, Inc.*, 31 F.3d 340, 342 (5th Cir. 1994) (citations omitted); *Lacoste v. Pilgrim Int'l*, No. 07–2904, 2009 WL 1565940, at *5 (E.D. La. June 3, 2009) (citations omitted). *Cf. Peart*, 2011 WL 1336563, at *3.

Plaintiff fails to meet his burden of establishing causation.  Indeed, Plaintiff's expert testified in his deposition that the only defect in the subject heater which caused Plaintiff's injuries was the alleged defect in construction and composition.  Having identified nothing in the record to establish a causal connection between the alleged failure to provide an adequate warning and Plaintiff's

11

injuries, the Court enters summary judgment in favor of Defendants.[4]

## CONCLUSION

For the reasons previously stated, the Motions for Partial Summary Judgment are GRANTED. Having dismissed all cognizable claims against Defendants, the Motions *in Limine* are DENIED AS MOOT. Judgment shall be entered in accordance with this Order.

New Orleans, Louisiana, on this 26th day of April, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[4] As Plaintiff's failure to establish causation is dispositive, this Court makes no finding as to whether Defendant failed to use reasonable care in providing an adequate warning.