UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA HAMAKER AYALA                      CIVIL ACTION

VERSUS                                      NUMBER: 12-0577

GABRIEL BUILDING SUPPLY,                    SECTION: "H"(5)
ET AL.

### REPORT AND RECOMMENDATION

The following constitutes the ruling of the Court on defendants' motion for a determination of attorneys' fees and costs that are due to the defendant, Mr. Heater, by plaintiff's counsel pursuant to 28 U.S.C. §1927. (Rec. doc. 162).

The facts leading to the matter at hand are more fully set forth in the District Judge's Orders and Reasons adjudicating the motion to enjoin state court proceedings and for Sanctions filed by defendant, Mr. Heater. (Rec. docs. 50, 61, 81). Briefly, after this personal injury lawsuit was removed from state court on the basis of diversity jurisdiction and plaintiff's motion to remand was denied due to the fraudulent joinder of the only non-diverse defendant, plaintiff filed a second lawsuit in state court against that non-diverse defendant who then filed a third-party demand

against Mr. Heater. Plaintiff subsequently amended her state court petition to assert claims directly against Mr. Heater that were virtually identical to those that were raised in her original lawsuit. That resulted in the filing of the motion to enjoin by Mr. Heater which was granted by the District Judge via the aforementioned Orders and Reasons. (Rec. docs. 61, 81). In the second of those opinions, the parties were ordered to the undersigned for the purpose of determining the quantum of attorneys' fees and costs that are due to Mr. Heater by plaintiff's counsel. (Rec. doc. 81, pp. 1, 5). In due course, an evidentiary hearing was held before the undersigned after attempts to settle the issue were unavailing. (Rec. docs. 159, 160, 162, 165, 168, 170-172).

   Having considered the motion, the record, the applicable law, and the testimony that was adduced as well as the exhibits that were admitted at the evidentiary hearing, the Court recommends that defendants' motion be granted in part subject to the following reductions. With respect to invoice #10796, Mr. Palermo's entry of September 27, 2012 for .40 hours is disallowed as the review of plaintiff's motion for leave to file second amended petition necessarily entailed review of the second amended petition that was attached to the motion. Mr. Palermo's September 28, 2012 entry of .20 hours is disallowed as lacking sufficient detail. The entries

of 1.60 and 1.40 hours on September 28, 2012 and October 1, 2012, respectively, are disallowed as being unnecessary/duplicative to the research that was performed by Mr. Sweeney.  Similarly, Mr. Palermo's entries of 4.10 hours on October 22, 2012 and 3.60 hours on October 23, 2012 are disallowed as being excessive/unnecessary in light of the work that was performed by Mr. Sweeney.  The foregoing reductions totaling 11.3 hours, and considering Mr. Palermo's customary hourly rate of $175, a reduction of the overall amount sought of $7,022.50 by $1,977.50 is in order.  Accordingly, it will be recommended that defendants' motion be granted and that Mr. Heater be awarded $5,045.00 in attorneys' fees and costs.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that defendants' motion be granted and that Mr. Heater be awarded attorneys' fees and costs in the amount of $5,045.00.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass

v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  24th  day of _____September_____, 2013.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE